UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ACCESS 4 ALL, INC., et al.,                                                 :
:
                               Plaintiffs,             :        13-CV-7995 (JMF)
:
                 -v-                                                :        MEMORANDUM OPINION
:              AND ORDER
MID-MANHATTAN HOTEL ASSOCIATES LLC,                :
:
                               Defendant.            :
:
------------------------------------------------------------------------X

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #:____ / DATE FILED: 07/31/2014]

JESSE M. FURMAN, United States District Judge:

On November 5, 2013, Plaintiff Nelson M. Stern, an individual residing in New York, and Plaintiff Access 4 All, Inc., a nonprofit Florida corporation, filed suit against Mid-Manhattan Hotel Associates, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Noting that the Complaint bore a "remarkable similarity" to a complaint previously filed by the same Plaintiffs that had been dismissed for lack of standing, and was "nearly identical" to a third complaint that the same Plaintiffs had voluntarily dismissed after having been ordered (by this Court) to show cause why the case should not be dismissed for lack of standing, the Court issued an Order to Show Cause why the instant case should not also be dismissed for lack of standing and why the Court should not impose sanctions on Plaintiffs for filing a frivolous lawsuit. (Docket No. 2). Following briefing, the Court issued an Order dated February 11, 2014, declining to dismiss the case or impose sanctions on the ground that the briefing had raised "factual disputes underlying the question of standing." (Docket No. 23).

On March 4, 2014, the Court entered a Case Management Plan setting a discovery schedule. (Docket No. 28). Two weeks later, Magistrate Judge Henry B. Pitman advised the Court that the parties had settled all claims. (*See* Docket No. 29). On March 24, 2014, the Court

entered a Stipulation and Order of Dismissal with Prejudice, pursuant to which it retained jurisdiction to determine the amount of attorney's fees, costs, and expert witness fees to be paid by Defendants to Plaintiffs.  (Docket No. 31).  Now pending before the Court is Plaintiffs' motion for attorney's fees, costs, and expert witness fees.  (Docket No. 32).  For the reasons set forth below, the motion is GRANTED, but only to the extent set forth herein.

## DISCUSSION

Under the ADA, courts have discretion to award "reasonable" attorney's fees and costs to a "prevailing party."  42 U.S.C. § 12205.  The Second Circuit has held that "in order to be considered a 'prevailing party' . . . , a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001)).  Fee awards are calculated by "multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011).  That hourly rate is based, in turn, on "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  *Id.* at 289 (quotation marks omitted).  Rates are determined based on the market in the "district in which the reviewing court sits."  *Id.* at 290.  The Court uses contemporaneous time records indicating the number of hours expended and the nature of the work done to determine the reasonable hours expended.  *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986).  Courts have discretion to cut individual entries, or to deduct a reasonable percentage overall "as a practical means of trimming fat from a fee application."  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted).  "In ADA litigation, a court

may award legal costs to a prevailing party including costs for experts." *Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-7592 (RJS), 2013 WL 3965247, at *2 (S.D.N.Y. July 31, 2013).

Here, there is — and can be — no dispute that Plaintiffs are entitled to fees based on the Settlement Agreement between the parties, as it is both judicially sanctioned and requires Defendant to address nineteen out of the twenty violations alleged in the Amended Complaint. (*Compare* Am. Compl. ¶ 11 *with* Docket No. 30, Ex. A ("Settlement Agreement") ¶ 1). Defendant does, however, dispute the amount of fees and costs sought by Plaintiffs. Among other things, Defendant contends that the hourly fee sought by Plaintiffs' counsel, Lawrence Fuller, is excessive; that the number of hours billed is "unjustified" and "inflated" in several respects; and that some of the costs sought by Plaintiffs are objectionable. The Court will address each of those issues in turn.

First, the Court agrees that the hourly rate sought by Plaintiffs for Fuller's work — $425 (Pls.' Verified Application Att'y Fees, Expert Fees, Litigation Expenses and Costs and Incorporated Mem. ("Pls.' Application") (Docket No. 32) 5) — is excessive under the circumstances. To be sure, the rate is within the reasonable range for attorneys of Fuller's experience litigating civil rights cases in the Southern District of New York. *See, e.g.*, *Greene v. City of New York*, No. 12-CV-6427 (SAS), 2013 WL 5797121, at *4 (S.D.N.Y. Oct. 25, 2013) (citation omitted) ("[P]recedent in the Southern District reveals that rates awarded to experienced civil rights attorneys [in the 10 years prior to a 2008 survey] have ranged from $250 to $600."). Nevertheless, a reduction is warranted given the "similarity between the facts and legal issues in this case and others handled by the Fuller attorneys," *Spalluto v. Trump Int'l Hotel & Tower*, No. 04-CV-7497 (RJS), 2008 WL 4525372, at *13 (S.D.N.Y. Oct. 2, 2008) (reducing Fuller's hourly rate from $425 per hour to $375), and the "minimal activity which took place prior to the

settlement," *Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04-CV-6620 (GBD) (FM), 2006 WL 196969 (S.D.N.Y. Jan. 26, 2006).

Additionally, the Court reduces to $75 per hour the rate for paralegal work.  "In this District, the market value for paralegals' time ranges from $50 to $150 per hour depending on experience levels." *Spalluto*, 2008 WL 4525372, at *14.  Nonetheless, courts have reduced proposed paralegal rates where, as here, the absence of information on the paralegal's background and experience denies the Court the ability to assess the adequacy of the amount claimed. *See, e.g.*, *id.* (reducing hourly rate from $115 to $75 where Plaintiff failed to submit supporting documentation).  Plaintiffs are therefore entitled to recover for the work of Fuller and his paralegal at hourly rates of $375 and $75, respectively.

Next, the Court turns to the reasonableness of the number of hours claimed.  Upon review of Plaintiffs' submissions, the Court concludes that some reduction in the 82.0 hours sought for Fuller's work is warranted.  (Pls.' Reply Def.'s Decl. Opp'n ("Pls.' Reply") (Docket No. 34), Ex. A ("Fuller Invoice")).  Given Fuller's knowledge of the standing issues associated with precisely this type of suit in this District, the Court agrees with Defendant that 33.5 hours to respond to the Court's Order to Show Cause is excessive. (Decl. Matthew Levine Opp'n Pls.' Application ("Opp'n Decl.") (Docket No. 33) ¶¶ 17-20); *see also, e.g.*, *Access 4 All, Inc. v. G & T Consulting Co., LLC*, No. 06-CV-13736 (DF), 2008 WL 851918 (S.D.N.Y. Mar. 28, 2008) (granting motion to dismiss for lack of standing as to Plaintiff Access 4 All, and denying same with respect to Plaintiff Stern); *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 166-75 (S.D.N.Y. 2006) (granting motion for summary judgment for lack of standing as to Access 4 All and denying the same with regards to an individual Plaintiff.).  Accordingly, the

Court will reduce by half the hours claimed for work in conjunction with the Order to Show Cause.

Defendant also seeks an across-the-board reduction on the ground that a number of Fuller's time entries are excessive. (Opp'n Decl. 5-6 (arguing that the reasonable amount of time "more likely approach[es] one-third to one-half of the time described throughout [the] fee application")). The Court agrees that Fuller's invoice contains some inflated time entries. For example, Fuller billed 0.30 hours to review a six line email from opposing counsel (Fuller Invoice at 12/23/13; Opp'n Decl., Ex. B); billed 0.50 hours to review a basic one and a half page Stipulation and Order (Fuller Invoice at 12/23/13; Opp'n Decl., Ex. C); billed 1.2 hours to review a standard Civil Case Management Plan (Fuller Invoice at 2/23/14; Opp'n Decl., Ex. I); and billed 0.30 hours to review a one paragraph Rule 7.1 disclosure statement (Fuller Invoice at 12/24/13; Opp'n Decl., Ex. E). *Cf. Spalluto*, 2008 WL 4525372, at *7 (deeming excessive a 0.20 hour entry for reviewing a one paragraph Rule 7.1 disclosure). Although those instances amount to a small fraction of the total number of hours requested, they are suggestive of a broader problem. Accordingly, the Court will reduce Fuller's hours by 15% to account for excessive billing. *See, e.g.*, *Spalluto*, 2008 WL 4525372, at *8 (imposing a 15% reduction in Fuller's hours to account for excessive and block billing). Accounting for those reductions, the Court awards Plaintiffs for 55.5 hours of Fuller's work at a rate of $375 per hour, amounting to $20,812.50, in addition to $217.50 for paralegal work — for a total of $21,030.

Finally, the Court addresses costs, which Plaintiffs seek in the amount of $5,069. (Fuller Invoice 4). The Court finds that the $2,625 Plaintiffs seek in expert fees for the pre-suit inspection and report of Carol Durbin — which are not challenged by Defendant — are reasonable. (Pls.' Application 9; Pls.' Application, Ex. E). Nevertheless, the Court agrees with

Defendant that it should not be required to pay the $225 for the vague "open/close file charge" (Fuller Invoice at 10/31/13), or for the $50 rush surcharge for the process server (Fuller Invoice at 12/2/13), as Plaintiffs fail to explain why these seemingly unnecessary charges were incurred. (*See* Opp'n Decl. ¶ 22). The Court also removes the $750 re-inspection fee "contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected" (Pls.' Application 8; Fuller Invoice at 10/31/13), as "there is no basis for assessing against the defendant the costs of monitoring compliance where the monitoring entity has not been identified and the work has not been performed." *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, No. 04-CV-7174 (SAS) (JCF), 2005 WL 3338555, at *5 (S.D.N.Y. Dec. 7, 2005) (rejecting an identical charge). Finally, the Court allows $450 in travel expenses, rather than the $650 that appears to have been requested in error. (Fuller Invoice at 2/26/14).[1] Accounting for those adjustments, the Court awards litigation costs of $3,844.

## CONCLUSION

Upon due consideration of both parties' submissions and for the foregoing reasons, Plaintiffs' motion is GRANTED to the extent that they are awarded attorney's fees and costs totaling $24,874, representing $21,030 in fees and $3,844 in costs and expert expenses.

The Clerk of Court is directed to terminate Docket No. 32.

SO ORDERED.

Date: July 31, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] The invoice description reads "Travel expenses - Hotel, food, taxi ($400 divided by 2 = 200)," implying that Plaintiffs seek $200 in travel expenses. Nevertheless, Plaintiffs appear to have used $400 in their calculation. (Fuller Invoice at 2/26/14).

6